# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2021

Lyle W. Cayce
Clerk

No. 20-10578
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN KYLE KILLOUGH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-7

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Kevin Kyle Killough was convicted by a jury of conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). He was sentenced, *inter alia*, to life imprisonment. Our court vacated his sentence and remanded the case

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

for resentencing, because there was "no information with sufficient indicia of reliability to support the district court's conclusion that 56.6 kilograms of meth[amphetamine] should have been attributed to [Killough]". *United States v. Gentry*, 941 F.3d 767, 789 (5th Cir. 2019), *cert. denied sub nom. Bounds v. United States*, 140 S. Ct. 2731 (2020).

On remand, a second addendum to the presentence investigation report (PSR) was issued, which had Killough accountable for 5.6 kilograms of methamphetamine. Finding that amount attributable to Killough, the district court sentenced him to, *inter alia*, 360-months' imprisonment.

Killough claims the court erred in calculating the quantity of drugs attributable to him when it adopted facts in the PSR based on a co-conspirator's unreliable statements during a proffer interview. Along that line, Killough asserts: he submitted rebuttal evidence in the form of an affidavit; and the court failed to explain why it accepted the co-conspirator's statements over his affidavit.

The Government contends Killough's claim, which was not raised in his first appeal, is waived under the mandate rule. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). We do not address the applicability of the mandate rule and proceed to the merits of Killough's claim because, as discussed below, there was no sentencing error. *See United States v. Simpson*, 796 F.3d 548, 552 (5th Cir. 2015).

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues

preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court's drug-quantity calculation is a factual finding, which, as discussed above, is reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in [the] light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

In an addendum to the PSR, the probation officer explained that the co-conspirator's statements during the proffer interview were deemed reliable by the case agents. At Killough's original sentencing, a case agent testified that the information provided by the co-conspirator had been corroborated and verified, not found to be untruthful, and relied upon in several proceedings and for investigative purposes. The facts in the PSR and its addenda, therefore, had an adequate evidentiary basis with sufficient indicia of reliability. "When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with a sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are 'materially untrue, inaccurate or unreliable'". *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir. 1999)).

Killough did not do so. The only rebuttal evidence he submitted was a conclusory affidavit, which had also been submitted at the original sentencing, in which he denied receiving any methamphetamine from the other co-conspirator.

In overruling Killough's objection to the drug-quantity calculation at resentencing, the court stated it had reviewed Killough's affidavit, which had been considered at his original sentencing. The court also explained that it

had considered the PSR and its addenda, the parties' filings and arguments, and the entire case file.  Therefore, the record reflects that the district court considered Killough's rebuttal evidence and adequately explained its sentencing decision.  *See United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019).  Because the court's drug-quantity calculation is plausible in the light of the record as a whole, Killough has not demonstrated the requisite clear error.  *See Betancourt*, 422 F.3d at 246.

AFFIRMED.